IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIAN A. MOORE,<br><br>    Petitioner,<br><br>    v.<br><br>DAVID OWENS, et al.,<br><br>    Respondents. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-8845 (JBS)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

    Petitioner is proceeding pro se with an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, Docket Entry 11. Based on the affidavit of indigency, Docket Entry 3, the application to proceed *in forma pauperis* is granted.

    1. A Camden County jury convicted Petitioner of 5 counts of human trafficking and 6 counts of promoting prostitution. Petition ¶ 5. Sentencing was scheduled for December 21, 2016. *Id.* ¶ 2(b).

    2. Petitioner filed a § 2254 petition on November 28, 2016. Docket Entry 1. On December 1, 2016, the Court administratively terminated the petition as it was not on the proper form and Petitioner had not submitted the filing fee or an application to proceed *in forma pauperis*. The Court directed Petitioner to resubmit his petition within 30 days.

3. The Clerk's Office received a petition however it was inadvertently given a new docket number. The Court ordered the new case to be closed and for the amended petition to be filed in this action.

4. Habeas Rule 4 requires the assigned judge to sua sponte dismiss a habeas petition or application without ordering a responsive pleading under certain circumstances:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner...

28 U.S.C. § 2254 Rule 4.

5. Section 2254 states in relevant part that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

6. It is clear from the face of the amended petition that Petitioner has not exhausted his state court remedies. The

amended petition was filed before sentencing took place on December 21, 2016, and Petitioner indicates an interlocutory motion for leave to appeal is pending before the New Jersey Supreme Court. Petition ¶ 15. Therefore, no further development of the record is necessary to conclude Petitioner has not exhausted his state court remedies because Petitioner had not even been sentenced at the time of submission. The Court would therefore not be able to grant his habeas petition in light of § 2254(b)(1)(A).[1]

7. Furthermore, Petitioner raises a claim of ineffective assistance of counsel. Such a claim would ordinarily be raised first in a post-conviction relief ("PCR") motion after the conclusion of the direct appeal, if necessary.

8. For these reasons, the petition is subject to dismissal as unexhausted on its face. In the interests of justice and to ensure Petitioner's rights are protected, however, Petitioner may submit a detailed statement as to why the Court should not dismiss the petition.

---

[1] The fact that Petitioner appears to have been denied leave to file an interlocutory appeal on some of his claims does not satisfy the exhaustion requirement as Petitioner may still raise those claims in his direct appeal now that the trial has concluded.

9. Petitioner should address in this statement whether he or someone on his behalf has filed or intends to file a direct appeal in the state courts.

10. An appropriate order follows.


**April 6, 2017**  　　　　　　　　　　**/s Jerome B. Simandle**
Date　　　　　　　　　　　　　　　　JEROME B. SIMANDLE
　　　　　　　　　　　　　　　　　　Chief U.S. District Judge