IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIAN A. MOORE,<br><br>       Petitioner,<br><br>    v.<br><br>DAVID OWENS, et al.,<br><br>       Respondents. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-8845 (JBS)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, U.S. District Judge:**

    1.    Petitioner filed a § 2254 petition on November 28, 2016. Docket Entry 1. On December 1, 2016, the Court administratively terminated the petition as it was not on the proper form and Petitioner had not submitted the filing fee or an application to proceed *in forma pauperis*. The Court directed Petitioner to resubmit his petition within 30 days.

    2.    Petitioner submitted his amended petition on December 12, 2016.[1] Amended Petition, Docket Entry 11.

    3.    The amended petition indicated that a Camden County jury convicted Petitioner of 5 counts of human trafficking and 6 counts of promoting prostitution. *Id.* ¶ 5. Sentencing was scheduled for December 21, 2016. *Id.* ¶ 2(b).

---

[1] The amended petition was originally inadvertently filed under a separate civil action number. The Court ordered the Clerk to refile it in this action and to close the second action. Order, Docket Entry 10.

4. In reviewing the amended petition pursuant to Habeas Rule 4, the Court concluded from the face of the amended petition that Petitioner had not exhausted his state court remedies before filing his § 2254 petition.

5. The Court ordered Petitioner to show cause why the petition should not be dismissed as unexhausted. Order to Show Cause, Docket Entry 15.

6. Petitioner responded that he understood habeas corpus to be available to pre-trial detainees after exhausting state court remedies. He argued that he had "presented multiple pre-trial motions before the Superior Court, two applications for Leave to Appeal to the Appellate Division, and two applications for Leave to Petition for Certification with the Supreme Court of New Jersey." Show Cause Response, Docket Entry 16.

7. He stated that he had since been sentenced and had filed a direct appeal. *Id.* Attached to his response was a judgment of conviction dated December 21, 2016.

8. Section 2254 states in relevant part that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "An applicant shall not be deemed to have

exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

9. As previously noted by the Court, it is clear from the face of the amended petition that Petitioner has not exhausted his state court remedies before filing in federal court. The original petition was filed before sentencing took place on December 21, 2016.

10. Petitioner is correct in that the district courts have jurisdiction to issue a writ of habeas corpus before a criminal judgment is entered against an individual in state court, but such petitions are brought under 28 U.S.C. § 2241, not § 2254. Moreover, that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting *Moore v. De Young*, 515 F.2d 437, 445-46 (3d Cir. 1975)).

11. Petitioner was weeks away from sentencing at the time he filed his original petition, and federal habeas proceedings should not be used to "permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses

3

prematurely in federal court." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493 (1973). Thus even if the petition had been before the Court under § 2241, it would not have been appropriate to exercise the Court's habeas jurisdiction at that point in time.

12. The § 2254 petition is totally unexhausted on its face. Petitioner is in the midst of his direct appeal, and he has an ineffective assistance of counsel claim that will most likely have to be raised in a post-conviction relief ("PCR") motion. *See State v. Preciose*, 609 A.2d 1280, 1286 (N.J. 1992) ("Generally, a claim of ineffective assistance of counsel cannot be raised on direct appeal." (internal citation omitted)).

13. As the petition is unexhausted, it must be dismissed. A stay pending exhaustion is not warranted because Petitioner's conviction is not yet final within the meaning of 28 U.S.C. § 2244(d)(1)(A), and the petition is not "mixed," containing exhausted and unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269 (2005).

14. Because the Court does not reach the merits of Petitioner's claims, the petition is not considered a "first" § 2254 petition. *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000) ("[A] habeas petition which is filed after an initial petition was dismissed without adjudication on the merits for failure to

exhaust state remedies is not a 'second or successive' petition as that term is understood in the habeas corpus context.").

15. To the extent a certificate of appealability is required, the Court declines to issue one. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

16. This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the petition as unexhausted is correct.

17. An appropriate order follows.

**May 18, 2018**                    **s/ Jerome B. Simandle**
Date                                JEROME B. SIMANDLE
                                    U.S. District Judge